**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz, *admission forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHIMON'E KILLINGS, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **No: 1:22-cv-108** |
| -against- | |
| **PANERA, LLC,** | |
| **Defendant.** | **CLASS & COLLECTIVE ACTION COMPLAINT** |

Chimon'e Killings ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated non-exempt hourly positions such as baristas, counter workers, associates, cashiers, cleaners, bakers, sandwich/salad makers, and other cooks (collectively, "Hourly Workers") who work or have worked for Panera LLC at their "Panera Bread" cafes in New York (collectively, "Panera" or "Defendant").

2.      Headquartered in St. Louis, Missouri, Panera owns and operates several hundred cafes around the United States. According to its website, Panera operates at least 115 Panera Cafes

in New York State alone.[1]

3.       Defendant maintains and policy and practice whereby Plaintiff and other Hourly Workers are subject to time shaving at the hands of their store managers. This time shaving causes Plaintiff and other Hourly Workers to not be paid the appropriates overtime wages when they in fact work over 40 hours in a workweek in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

4.       In weeks where Plaintiff and Hourly Workers do not pass the 40-hour per week mark, the NYLL mandates that Plaintiff and Hourly Workers be paid at their agreed upon wage rates.

5.       Additionally, at all relevant times Defendant compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

6.       Despite being manual workers, Defendant failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

7.       As such, Defendant failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

8.       As a result of untimely wage payments, Defendant has harmed Plaintiff and similarly situated Hourly Workers in New York.

9.       Plaintiff brings this action on behalf of herself and all other similarly situated Hourly Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

10.      Plaintiff also brings this action on behalf of herself and all other similarly situated

---

[1] *See* 115 Panera Bread Locations in New York, Panera Website, (available at https://locations.panerabread.com/ny.html) (last accessed February 3, 2022).

Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations

11.     Plaintiff, individually, also brings this action to remedy her illegal termination by Defendant. In this regard, Plaintiff made a complaint to Panera's corporate line in approximately November 2021 about the time shaving she faced during her employment. In December 2021, her employment was terminated by her store manager who specifically referenced her good faith complaint of the wage theft she experienced. As such, Plaintiff brings a retaliation claim under both the FLSA and NYLL.

## THE PARTIES

### Plaintiff

#### Chimon'e Killings

12.     Chimon'e Killings ("Killings") is an adult individual who is a resident of the State of New York.

13.     Killings was employed by Panera as an Hourly Worker from on or about August 2021 through approximately December 2021.

14.     Killings is a covered employee within the meaning of the FLSA and the NYLL.

15.     A written consent form for Killings is being filed with this Class Action Complaint.

### Defendant

#### Panera, LLC

16.     Panera, LLC is a foreign business corporation organized and existing under the laws of Delaware.

17.     Panera, LLC's principal executive office is located at 3630 S. Geyer Road, St.

Louis, Missouri 63127.

18.     Panera, LLC was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19.     Panera, LLC is the corporate payor listed on Plaintiff's wage statements.

20.     Panera, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

21.     Panera, LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

22.     Upon information and belief, at all relevant times, Panera, LLC has had an annual gross volume of sales in excess of $500,000.

<u>JURISDICTION AND VENUE</u>

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

24.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25.     This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

26.     There are over 100 members in the proposed class.

4

27.     Defendant is subject to personal jurisdiction in New York.

28.     Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## COLLECTIVE ACTION ALLEGATIONS

29.   Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly situated persons who work or have worked as Hourly Workers for Panera in New York who elect to opt-in to this action (the "FLSA Collective").

30.   Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

31.   Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

32.   All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

33.   As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully shaving their employees time in order to avoid paying for all of the hours worked by Plaintiff and the FLSA Collective.

34.   An employer "willfully violates the FLSA when it either new or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v.*

*Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

35.   According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See Id.* (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

36.   Defendants' willful violation of the FLSA is evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements.  Here, as evidenced below, discovery will certainly reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that time-shaving is an illegal practice.

37.   Defendants have been faced with multiple wage and hour actions for their failure to pay overtime without correcting their payment policies to be in compliance with the FLSA. *See e.g.*, *Meyers v. Panera, LLC*, No. 17-cv-02575 (D.D.C. Nov. 29, 2017) (failure to pay overtime compensation); *Friscia v. Panera, LLC*, 2:16-cv-03754 (D. N.J. June 25, 2016) (failure to pay overtime compensation); *Daneil v. Panera, LLC*, No. 5:15-cv-486 (M.D. Ga. Dec. 31, 2015) (alleging off the clock and failure to pay overtime compensation).

38.   As such, Defendants' failure to pay proper overtime constitutes a willful violation of the FLSA. *See Rojas v. Splendor Landscape Designs, Ltd.*, 268 F. Supp. 3d 405, 410-411 (E.D.N.Y. 2017) (finding that employer's FLSA violation was willful where the Department of

Labor had previously informed the employer that their pay policies violated the FLSA).

## NEW YORK CLASS ACTION ALLEGATIONS

39.     Plaintiff brings the Second, Third, Fourth, Fifth and Sixth Causes of Action, NYLL

claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class

of persons consisting of:

> All persons who work or have worked as Hourly
> Workers for Panera in New York between June 24,
> 2015 and the date of final judgment in this matter (the
> "New York Class").[2]

40.     The members of the New York Class are so numerous that joinder of all members

is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

41.     There are more than one hundred members of the New York Class.

42.     Plaintiff's claims are typical of those claims that could be alleged by any member

of the New York Class, and the relief sought is typical of the relief which would be sought by each

member of the New York Class in separate actions.

43.     Plaintiff and the New York Class have all been injured in that they have been

uncompensated, under-compensated, or untimely compensated due to Defendants' common

policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices

affected everyone in the New York Class similarly, and Defendants benefited from the same type

of unfair and/or wrongful acts as to each member of the New York Class.

44.     Plaintiff is able to fairly and adequately protect the interests of the New York Class

---

[2] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

and has no interests antagonistic to the New York Class.

45.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

46.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

47.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

(a)  whether Defendants failed to compensate Plaintiff and the New York Class for all hours worked at their regular rate(s) of pay;

(b)  whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;

(c)  whether Defendants correctly compensated Plaintiff and the New York Class on a timely basis;

(d)  whether Defendants failed to furnish Plaintiff and the New York Class with a proper time of hire wage notice, as required by the NYLL; and

(e)  whether Defendants failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

48.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Chimon'e Killings**

49.     Killings was employed at Defendant's Panera restaurant located at 1593 Niagara Falls Boulevard, Amhurst, New York 14226 from approximately August 2021 through December 2021.

50.     During her employment, unless she missed time for vacation, sickness, or personal leave, Plaintiff generally worked the following schedule:

    a.  Tuesday to Saturday, from between approximately 6:00am to 8:00am and between 3:00pm to 5:00pm.

51.     Despite working the above schedule, Plaintiff received wage statements that reflect less hours than she actually worked.

52.     During her employment, one of Plaintiff's supervisors showed Plaintiff management's ability to manipulate time records and shave time.

53.     Furthermore, during her employment, over twenty-five percent of Killings' duties were physical tasks, including but not limited to: (1) making drinks for customers; (2) restocking supplies; (3) sweeping and vacuuming the dining room areas; (4) cleaning the bathrooms; (5) cleaning the restaurant windows; (6) wiping down tables; and (7) bussing dirty dishes from the dining areas to the dishwashing area, among other tasks.

54.     Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Killings was compensated by Defendant on a bi-weekly basis.

55.     As a result of Defendant's untimely wage payments, Killings was underpaid.

56.     Defendants failed to provide Killings with a proper time of hire wage notice as required by the NYLL.

57.     Throughout her employment, Defendants failed to provide Killings with accurate wage statements with each payment of wages as required by the NYLL that demonstrated her true hours worked.

58.     Plaintiff made several complaints to management about the time shaving practices she believed occurred at Panera. In this regard, Plaintiff complained to her store manager Michael (l/n/u) of the time shaving issues.

59.     In November 2021, Plaintiff made another verbal complaint via telephone to Panera's corporate office about the time shaving she believed to be occurring.

60.     Plaintiff's complaints were made in good faith.

61.     In December 2021, Plaintiff was terminated due to her complaints about the illegal pay practices she suffered.

62.     Any non-retaliatory rationale for Plaintiff's termination is pretext.

63.     Due to Defendants' unlawful termination, Plaintiff has suffered damages.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

66.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks

in the relevant period.

67.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay for all hours worked in excess of 40 per workweek.

68.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Pay Agreed Upon Wages
### (Brought on behalf of Plaintiff and the New York Class)

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     The wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

71.     Pursuant to NYLL, Article 6 § 191, Defendant is required to pay Plaintiff and the New York Class the wages they have earned in accordance with the agreed terms of their employment.

72.     Defendant failed to pay Plaintiff and the New York Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of their employment.

73.     Upon information and belief, Defendant shaved part of Plaintiff and the New York Class Members' work time in order to save on labor costs.

74.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are

entitled to recover from Defendants their agreed-upon earned wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

77.     Defendant failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

78.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

81.     Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

82.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Time of Hire Notice**
**(Brought on behalf of Plaintiff and the New York Class)**

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     Defendant have failed to supply Plaintiff and the New York Class with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

85.     Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as

13

reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

86.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.    Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

88.    Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## SEVENTH CAUSE OF ACTION
### FLSA – Retaliation
### (Brought on behalf of Plaintiff individually)

89.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.    Plaintiff made good faith complaints about time shaving practices occurring at Defendant's restaurant.

91.   Defendant ultimately terminated Plaintiff's employment due to her complaints.

92.   Defendant's termination constitutes retaliation in violation of 29 U.S.C. § 215(a)(3).

93.   Plaintiff has suffered damages due to Defendant's retaliation, including but not limited to, intimidation, harm to her reputation, legal costs, and delay.

94.   Due to Defendant's violation of the FLSA, Plaintiff is entitled to recover from Defendant back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
**New York Labor Law – Retaliation**
**(Brought on behalf of Plaintiff individually)**

95.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.   Plaintiff made good faith complaints about time shaving practices occurring at Defendant's restaurant.

97.   Defendant ultimately terminated Plaintiff's employment due to her complaints.

98.   Defendant's termination constitutes retaliation in violation of NYLL § 215.

99.   Plaintiff has suffered damages due to Defendant's retaliation, including but not limited to, intimidation, harm to her reputation, legal costs, and delay.

100.   Due to Defendant's violation of the NYLL, Plaintiff is entitled to recover from Defendant back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Hourly Workers in New York who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Panera.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid agreed upon wages, overtime wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

G.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with proper time of hire wage notices, or a total of five thousand

dollars each, as provided for by NYLL, Article 6 § 198;

      H.     Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

      I.     Back pay, front pay, compensatory damages, punitive damages, and liquidated damages relating to Plaintiff's unlawful termination;

      J.     Prejudgment and post-judgment interest;

      K.     Reasonable attorneys' fees and costs of the action; and

      L.     Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       February 7, 2022


                         Respectfully submitted,


                         /s/ Brian S. Schaffer
                        Brian S. Schaffer

                        **FITAPELLI & SCHAFFER, LLP**
                        Brian S. Schaffer
                        Armando A. Ortiz, *Admission Request Forthcoming*
                        28 Liberty Street, 30th Floor
                        New York, NY 10005
                        Telephone: (212) 300-0375

                        *Attorneys for Plaintiff and*
                        *the Putative Class & Collective*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against PANERA and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Chimon'e Killings*

Chimon'e Killings (Feb 3, 2022 00:59 EST)
_____
Signature


# Chimon'e Killings
_____
Full Legal Name (Print)